IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA                                                        RESPONDENT

v.                                No. 4:08-CR-40006
                                    No. 4:10-CV-4165

KEVIN GEROME LEGGITON                                           MOVANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 46) filed herein by KEVIN GEROME LEGGITON, (hereinafter referred to as "Movant") an inmate confined in the United States Prison in Tucson, Arizona. The United States of America (hereinafter referred to as the "Government") has responded to the Motion. ECF No. 49. The Motion was referred for findings of fact, conclusions of law and recommendations for the disposition of the case.

**1. Procedural Background**:

Movant was indicted on January 9, 2008, and charged with one count of producing child pornography in violation of 18 U.S.C § 2251(a) and (e). ECF No. 1. His initial appearance on the indictment was on January 14, 2008. ECF No. 3. Movant requested appointed counsel and the court appointed Craig L. Henry as counsel. ECF No. 3. Trial was scheduled for March 24, 2008, and later continued to May 12, 2008. ECF No. 13.

On May 15, 2008, Movant and his counsel appeared before U.S. District Judge Harry F. Barnes for a change of plea hearing. ECF No. 15. Movant entered a plea of guilty to the charges in the indictment pursuant to a Plea Agreement with the Government. ECF No. 16. The Plea

Agreement provided that Movant would enter a plea of guilty and the Government would recommend that he be given a sentence adjustment for his acceptance of responsibility. ECF No. 16. Judge Barnes ordered a presentence investigation report ("PSR") prepared. The Movant was remanded to the custody of the United States Marshal to await sentencing. ECF No. 15.

The United States Probation Office prepared a PSR and the matter was set for sentencing. ECF No. 17. The PSR found a total offense level of 35 and a criminal history category VI. It recommended a sentence range of 292 to 365 months imprisonment. Movant thereafter filed a Motion for Downward Departure, seeking a sentence less than that recommended by the PSR. ECF No. 20. In his Motion for Downward Departure Movant stated he had recently been sentenced in a related case in state court to a term of six-years, to run consecutively to any federal sentence and thus he would be "deprived of custody credit on his state sentence for all the time he has been in federal custody." Movant asked the Court to take this into consideration when fashioning a sentence in the federal case. The Government also filed a motion for downward departure, under seal, relevant to the sentencing. ECF No. 24.

On October 23, 2008, Movant appeared before Judge Barnes for sentencing. The Court granted the Government's sealed motion for downward departure. The Court also allowed Movant the right of allocution and heard a victim impact statement. Thereafter the Court sentenced Movant to a term of imprisonment of 235 months, imposed a life term of supervised release, ordered restitution of $4,000.00, and a $100.00 special assessment. ECF No. 28. The Court did not impose a fine.

On October 30, 2008, Movant, through counsel, filed a notice of appeal. ECF No. 29. Mr. Henry, counsel for Movant, filed a brief pursuant to *Anders v California*, 386 U.S. 738 (1967),

Agreement provided that Movant would enter a plea of guilty and the Government would recommend that he be given a sentence adjustment for his acceptance of responsibility. ECF No. 16. Judge Barnes ordered a presentence investigation report ("PSR") prepared. The Movant was remanded to the custody of the United States Marshal to await sentencing. ECF No. 15.

The United States Probation Office prepared a PSR and the matter was set for sentencing. ECF No. 17. The PSR found a total offense level of 35 and a criminal history category VI. It recommended a sentence range of 292 to 365 months imprisonment. Movant thereafter filed a Motion for Downward Departure, seeking a sentence less than that recommended by the PSR. ECF No. 20. In his Motion for Downward Departure Movant stated he had recently been sentenced in a related case in state court to a term of six-years, to run consecutively to any federal sentence and thus he would be "deprived of custody credit on his state sentence for all the time he has been in federal custody." Movant asked the Court to take this into consideration when fashioning a sentence in the federal case. The Government also filed a motion for downward departure, under seal, relevant to the sentencing. ECF No. 24.

On October 23, 2008, Movant appeared before Judge Barnes for sentencing. The Court granted the Government's sealed motion for downward departure. The Court also allowed Movant the right of allocution and heard a victim impact statement. Thereafter the Court sentenced Movant to a term of imprisonment of 235 months, imposed a life term of supervised release, ordered restitution of $4,000.00, and a $100.00 special assessment. ECF No. 28. The Court did not impose a fine.

On October 30, 2008, Movant, through counsel, filed a notice of appeal. ECF No. 29. Mr. Henry, counsel for Movant, filed a brief pursuant to *Anders v California*, 386 U.S. 738 (1967),

asserting there were no nonfrivolous issues on appeal, but suggesting the sentence imposed was excessive, and moved to withdraw from the case on December 22, 2008. Movant filed a *pro-se* brief with the United States Court of Appeals for the Eighth Circuit on July 27, 2009. On November 12, 2009, the Eighth Circuit Court of Appeals affirmed the conviction and sentence, noting the District Court had sentenced Movant at the bottom of the applicable advisory guidelines after properly considering the factors of 18 U.S.C. §3553(a). The Court found the sentence "reasonable." ECF. No. 44-2. The Mandate of the Eighth Circuit was issued on December 3, 2009. ECF No. 44.

2. **Instant Petition**:

Movant filed a timely Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. §2255 on November 22, 2010. ECF No. 46. The Court directed the Government to file a response and the Government filed its Response on December 27, 2010. ECF No. 49.

In his Motion, Movant asserts four (4) grounds for setting aside the sentence imposed in this case:

> a. At the Change of Plea hearing on May 15, 2008, the Court failed to properly advise Leggition of his rights and the consequences of a plea of guilty pursuant to FED.R.CRIM.P. 11. ECF No. 46 p. 2-8.
>
> b. At the Sentencing hearing on October 23, 2008, the Court misstated the criminal statue alleged violated in the indictment. Specifically Movant asserts the Court referred to 18 U.S.C. §2254 rather than §2251. ECF No. 46 p. 8-9.
>
> c. The Court incorrectly calculated his advisory guideline total offense level by using a four-level specific offense characteristic incorporating conduct described in 18 U.S.C. § 2241, a statute for which Movant did not plead guilty. ECF No. 46 p. 9.
>
> d. Defense counsel was ineffective for failing to investigate Movant's blindness, failing to conduct any "adversarial testing," failing to attend the interview conducted by the Probation Office as it prepared the PSR, and failing to object to inaccurate information in the PSR. ECF No. 46 p. 10-11.

The Government contends the errors alleged by Movant do not appear in the record in this

case and further allege that Movant has procedurally defaulted on his claims of sentencing error and is thus barred from raising those claims.

**3. Discussion**:

    **a. Procedural Bar**: The Government asserts Movant has procedurally defaulted his claims that the Sentencing Court violated FED.R.CRIM.P. 11 during the change of plea proceeding. As discussed below, the Court agrees with the Government and finds that Movant's claims of error based on the assertion the Court failed to comply with Rule 11 are barred.

    As a preliminary matter, it should be noted that a § 2255 motion is fundamentally different from a direct appeal. The Court will not reconsider an issue, which was decided on direct appeal, in a motion to vacate pursuant to § 2255. *See United States v. Davis*, 406 F.3d 505, 511 (8th Cir. 2005). Further, if an issue was known, or should have been known, to the movant and could have been raised in the direct appeal of the underlying criminal case, then that issue is not properly subject to a motion to vacate. *See Peltier v. Henman*, 997 F.2d 461, 473 (8th Cir. 1993).

    If a movant has failed to raise a claim on direct appeal he must show both cause for the failure and actual prejudice as a result of the default. *See Swedzinski v. United States*, 160 F.3d 498, 500 (8th Cir. 1998). Alternatively the movant must show a fundamental miscarriage of justice or actual innocence. *See Id.* To show cause excusing procedural default, a movant must show that some external factor beyond his or his attorney's control caused the procedural default. *See Turner v. Delo*, 69 F.3d 895, 896-97 (8th Cir.1995); *see also McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991) (petitioner may establish cause by showing that the basis for the claim was not reasonably available to his counsel or that some interference by officials made compliance impracticable). A movant asserting prejudice must show "not merely that the errors at his trial created a possibility of

prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982); *see also Swedzinski*, 160 F.3d at 501. Finally, a petitioner wishing to excuse his procedural default on the "fundamental miscarriage of justice" prong must demonstrate actual innocence. *Sweet v. Delo*, 125 F.3d 1144, 1152 (8th Cir. 1998). More specifically, a fundamental miscarriage of justice requires a showing of "clear and convincing evidence that, but for a constitutional error, no reasonable juror would have found the petitioner [guilty]." *Sawyer v. Whitley*, 505 U.S. 333, 335 (1992).

In this case, Movant's counsel filed an *Anders* brief on appeal. Leggition himself filed a pro-se brief and raised issues regarding the application of §3353 factors, the Court's criminal history calculation, and the Court's application of a four (4) level enhancement to the total offense level calculation. The Eighth Circuit rejected Leggition's arguments and affirmed the sentence imposed as "reasonable." The errors alleged in the instant motion, regarding the Court's advisement of the matters in Rule 11 could have likewise been addressed on direct appeal. Movant does not assert that any factor beyond his control prevented him from raising these issues on direct appeal. He likewise does not assert that the alleged Rule 11 errors worked to his "actual and substantial disadvantage." Rather, he states that he "may not have plead guilty to the charge" and that he "may have consulted with his attorney to discuss other possibilities." ECF No. 46 p. 8. Likewise he fails to assert any facts that even hint at a fundamental miscarriage of justice or his own actual innocence in this matter.

In short Movant has failed to assert, much less show, any actual cause for his failure to raise these issues on direct appeal. Even assuming he has shown cause for his default, he fails to assert or show any prejudice as result of the alleged Rule 11 errors. He makes no claim at all of actual innocence. His failure to raise these claims on direct appeal constituted at least the "failing to raise

a claim through inexcusable neglect," which, constitutes an abuse of the proceeding. *Peltier*, 997 F.2d at 473, *citing McCleskey* v. Zant, 499 U.S. 467, 489 (1991). Accordingly, Movant's claims of Rule 11 errors are procedurally barred.

    **b. Violation of Fed.R.Crim.P. 11**: If the Court assumes there is no procedural bar, Movant's claims regarding the sentencing Court's failure to follow Rule 11(b) still fail. In order to prevail on a motion to set aside a sentence for violation of Rule 11 a movant must show (1) that an actual violation of the rule occurred and (2) that such violation resulted in constitutional or jurisdictional violation. *See United States v. Timmereck*, 441 U.S. 780, 784 (1979). Rule 11(b) provides as follows:

> **(b) Considering and Accepting a Guilty or Nolo Contendere Plea**.
>
> **(1) Advising and Questioning the Defendant**. Before the court accepts a plea of guilty or nolo contendere, the defendant may be placed under oath, and the court must address the defendant personally in open court. During this address, the court must inform the defendant of, and determine that the defendant understands, the following:
>
>> (A) the government's right, in a prosecution for perjury or false statement, to use against the defendant any statement that the defendant gives under oath;
>>
>> (B) the right to plead not guilty, or having already so pleaded, to persist in that plea;
>>
>> (C) the right to a jury trial;
>>
>> (D) the right to be represented by counsel--and if necessary have the court appoint counsel--at trial and at every other stage of the proceeding;
>>
>> (E) the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses;
>>
>> (F) the defendant's waiver of these trial rights if the court accepts a plea of guilty or nolo contendere;

(G) the nature of each charge to which the defendant is pleading;

(H) any maximum possible penalty, including imprisonment, fine, and term of supervised release;

(I) any mandatory minimum penalty;

(J) any applicable forfeiture;

(K) the court's authority to order restitution;

(L) the court's obligation to impose a special assessment;

(M) in determining a sentence, the court's obligation to calculate the applicable sentencing-guideline range and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a); and

(N) the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence.

A violation of Rule 11 is merely technical, and therefore insufficient to justify relief under 28 U.S.C. § 2255, if the violation "does not present exceptional circumstances where the need for the remedy afforded by the writ of *habeas corpus* is apparent." *Id.* at 783. Such a technical violation does not present an exceptional circumstances unless it "results in a complete miscarriage of justice," or is "inconsistent with the rudimentary demands of fair procedure." *Id.*

Movant asserts the Court failed to advise him of the risk of a perjury charge for any false statements given under oath. A review of the transcript of the change of plea hearing reveals the District Court did not inform the Movant of the potential that he could be charged with perjury for making a false statement under oath. However, the plea agreement, in a provision entitled "**PERJURY**," signed by the Movant and acknowledged by him on the day he changed his plea to guilty, clearly advises him of this possibility. ECF No. 16 p. 6-7. Further, Movant does not allege that he would have not plead guilty had he been so advised. There is no constitutional or

jurisdictional error as a result of this technical error.

Movant asserts the Court failed to advise him that he had a right to persist in his plea of not guilty. This statement is simply not true. Judge Barnes stated in part: "Today you can, if you desire, change your plea from not guilty to guilty. But you don't have to." ECF No. 35 p. 17.

Movant asserts the Court failed to advise him of his right to an attorney. Again this statement is simply not true. Movant was first advised of his right to an attorney at the initial appearance in this matter. ECF No. 35 p. 6. Then Judge Barnes again advised him of his right to counsel and noted that counsel had already been appointed to represent Movant. ECF No. 35 p. 18.

Movant asserts the Court failed to advise him of his right to trial, and the associated rights that accompany a trial. Again, Movant's assertion is not true. Judge Barnes advised the Movant as follows regarding the right to a jury trial, specifically stating: "You have the right to a jury trial. . ." ECF No. 35 p. 18. Judge Barnes also discussed the rights associated with a trial:

> You have a right not to incriminate yourself. You have several rights, one not to incriminate yourself. You don't even have to talk to me if you don't want to. You have a right to the presumption of innocence. That means that the government, Mr. Hawkins [AUSA] here, would have to bring in witnesses in this court before a jury of twelve people and convince them beyond a reasonable doubt that you were guilty of this offense.

ECF No. 35 p. 17-18. Further, the plea agreement signed by Movant specifically addresses the right to trial, to call witnesses on his own behalf and to not testify. ECF No. 16. Finally, the plea agreement contains an assertion by counsel that Movant was advised of his rights and that he was waiving those rights by entering a plea of guilty.

Movant asserts the Court failed to advise him that a plea of guilty was a waiver of the all of the rights he had he maintained his innocence and gone to trial. Once again Movant's assertion is not true. At the change of plea hearing Judge Barnes stated:

> You have a right to a jury trial. You can cross examine any witness called against you and present witnesses yourself. However, if you plead guilty today, there will be no such further proceeding. We move from here to sentencing.

ECF No. 35 p. 18. Additionally, the plea agreement specifically addressed the issue of waiver and was unambiguous in its terms: "The defendant hereby acknowledges that he understands . . . he thereby WAIVES all of the rights listed as (b) through (h) of paragraph 8." ECF No. 16 p. 3.

Movant asserts the Court failed to advise him of the nature of the charges against him. To the contrary, Judge Barnes read the substantive part of the Indictment to Movant at the change of plea hearing. ECF No. 35 p. 15. Movant claims this was insufficient as Judge Barnes did not read the specific section of the United States Code when he read the Indictment to Movant. Rule 11 (b)(1)(G) requires the Court to inform the defendant of the nature of the charges. Clearly reading the Indictment to the Movant word for word informed him of the nature of the charge against him in this case. Further, Movant was informed of the specific statutory section in the Indictment itself, at the initial appearance and in the terms of the plea agreement.

Movant asserts the Court failed to advise him of the maximum possible penalty at the change of plea proceeding. Again Movant's claim is not true. Judge Barnes advised the Movant as follows at the change of plea hearing:

> There is a penalty for that, and it's imprisonment not less than 15 years, or more than 30 years. And a fine of not more than $250,000. Further, that if imprisoned and released, a period of supervised release may be imposed, which if you violate the terms of supervised release, further imprisonment may be imposed. And a special assessment of $100.

ECF No. 35 p. 15. Judge Barnes clearly informed him of the mandatory minimum 15 year sentence, and the imposition of a term of supervised release. At Movant's initial appearance he was advised of the mandatory minimum 15 year sentence and of the potential for up to a lifetime of supervised

-9-

release following his release from prison. ECF No. 35 p. 12. The plea agreement which he acknowledged reviewing and signing at the change of plea agreement likewise advised Movant of the full range of possible sentence if he went through with the change of plea. ECF No. 16 p. 5.

Movant asserts the Court failed to advise him of the possibility of forfeiture of his personal property, specifically photographs seized by law enforcement which are not sexual in nature. Judge Barnes did not advise Movant of the possibility of forfeiture in this case. However, a review of the Judgment in this matter reveals no forfeiture was ordered.[1] ECF No. 28.

Movant asserts the Court failed to advise him of the possibility of an order of restitution at the change of plea hearing. In this case Judge Barnes did not advise Movant of the possibility of an order of restitution. The Court did order restitution in the amount of $4,000.00 in its final judgment. However, the failure to inform a defendant of the possibility of an order of restitution does not entitle a defendant to post conviction relief if he was advised of the amount of a possible fine in excess of the actual restitution award. *See United States v. Molzen*, 382 F.3d 805,807 (8th Cir. 2004). Here, Movant cannot demonstrate a reasonable probability that he would not have entered the plea agreement had he been so advised. Such showing is necessary to prevail on this claim. *Id*.

**c. Sentencing Hearing Issues**: Movant makes several claims regarding alleged errors that occurred at the sentencing hearing in this matter. For the reasons state below, the Court finds the claims are without merit.

Movant asserts the Court failed to inform him of his rights regarding appeal at the sentencing

---

[1] Movant recently filed a separate motion in this Court seeking return of these same items. The Court denied this request because of the sexually graphic nature of many of the photographs and the expense imposed on the Government to hire an expert to determine which photos if any contained images of child pornography or not would be unduly burdensome and costly. ECF No. 55.

hearing. Movant's claim is not true. Judge Barnes after imposing sentence in this case advised the Movant as follows:

> Mr. Leggiton, you are advised you have a right to appeal this sentence is you see fit. If you do, you have to do it within 10 days from the entry of this judgment. It will probably be entered sometime later today or tomorrow. So you have 10 days from that to appeal this sentence.

ECF No. 35 p. 58. I also note that Movant was not only advised of his right to appeal in this matter, he actively participated in the appeal and filed a pro-se brief. Movant was clearly advised of his rights regarding appeal.

Movant claims the Court read the Indictment to him again at sentencing but instead of referencing 18 U.S.C. § 2251, the Court referred to § 2254. Movant asserts this amounts to a failure to inform him of the charges against him. In fact Judge Barnes read the indictment to the Movant again prior to imposing sentence. The Indictment contains a reference to § 2256, the definitional portion of the child pornography statutory scheme. Judge Barnes's reference to § 2254 was at most inadvertent and in no way affected Movant's understanding of the nature of the charges against him. Movant was advised of the nature of the charges at the initial appearance, in the plea agreement, at the change of plea hearing and finally at the sentencing.

**d. Sentence Computation**: Movant asserts the Court improperly computed his sentence in several particulars. First Movant claims the Court improperly increased his total offense level by four (4) points by applying a "specific offense characteristic" pursuant to United States Sentencing Guideline (USSG) 2G2.1(b)(2)(B). This provision calls for a four-level increase in the total offense level if the offense involved the commission of a sex act described in 18 U.S.C. § 2241(a) or (b). Movant raised this exact issue in his direct appeal of his conviction and sentence. The Eighth Circuit rejected Movant's argument and found that the District Court properly imposed its sentence in this

case. ECF No. 44-1. Because this issue was decided on direct appeal, it may not be addressed in this motion to set aside sentence pursuant to 28 U.S.C. § 2255. *See United States v. Kraemer*, 810 F.2d 173, 177 (8th Cir. 1987)("Appellant cannot raise the same issues in a § 2255 petition that have been decided on direct appeal or in a new trial motion.")

   **e. Ineffective Assistance of Counsel**: Finally, Movant asserts that his trial counsel was ineffective. He specifically claims that counsel was ineffective in (1) failing to investigate the Movants blindness, (2) failing to conduct any "adversarial testing," (3) failing to attend the interview conducted by the Probation Office as it prepared the PSR, and (4) failing to object to inaccurate information in the PSR.

   In order to prevail on an ineffective assistance of counsel claim, a movant must show that (1) his "trial counsel's performance was so deficient as to fall below an objective standard of reasonable competence"; and (2) "the deficient performance prejudiced [his] defense." *See Toledo v. United States*, 581 F.3d 678, 680 (8th Cir. 2009)(quoting *Nave v. Delo*, 62 F.3d 1024, 1035 (8th Cir.1995)). When considering the first element, there is a "strong presumption that counsel's conduct falls within the wide range of professionally reasonable assistance and sound trial strategy." *Toledo*, 581 F.3d at 680 (quoting *Garrett v. United States*, 78 F.3d 1296, 1301 (8th Cir.1996) (citing *Strickland v. Washington*, 466 U.S. 668, 689,(1984)). "The burden of proving ineffective assistance of counsel rests with the defendant." *United States v. White*, 341 F.3d 673, 678 (8th Cir. 2003)(citing *United States v Cronic*, 466 U.S. 648, 658 (1984)).

   In testing the first element of an ineffective assistance of counsel claim, counsel's alleged deficient performance, when a defendant complains that counsel failed to challenge the state's case, "The failure to oppose the prosecution's case must involve the entire proceeding, not just isolated

portions." *White*, 341 F.3d at 678.  Except in instances where a defendant can show a failure of such magnitude there is typically no basis for finding a denial of effective counsel unless he can show specific errors that "undermined the reliability of the finding of guilt. . ." *Id*.  If the Court finds deficient counsel and thus considers the element of prejudice, a defendant must establish "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

In this case, Movant claims he his "legally blind" and his counsel failed to investigate his visual impairment.  Movant reasons that because he is legally blind he could not have been able to see in order to "take this visual depiction, and use a camera or video camera."  Movant claims that because he is blind he could not have violated the statute at issue.  However, in this case the elements of the offense do no require the defendant to have any particular level of vision.  Further, Movant in this case admitted, during the investigation of this crime,  he had taken sexually explicit photographs of a minor. ECF No. 16 p. 2.  Moreover, Movant wholly fails to demonstrate that but for this alleged deficiency the outcome of this case would have different.

Movant's second complaint about counsel is no "adversarial testing" was done in this case.  Movant does not allege which "adversarial test" should have been performed.  He does not claim which evidence should have been challenged.  More importantly, he does not claim any particular testing would have changed the outcome of this case, namely his plea of guilty to the production of child pornography.

Movant also complains of counsel's failure to attend the interview conducted by the United States Probation Office in preparation for the PSR and sentencing.  As an initial matter concerning this point, "no court has found the Sixth Amendment right to counsel applies to routine presentence

interviews. . ." *United States v. Tyler*, 281 F.3d 84, 96 (3d Cir.2002). Presentence interviews are not a "critical stage" of the proceeding requiring the attendance of counsel. *See United States v. King*, 559 F.3d 810, 814-15 (8th Cir. 2009)(citations omitted). Further, Movant makes no allegation regarding how counsel's attendance at the presentence interview would have resulted in Movant not pleading guilty.

Lastly, Movant complains counsel failed to object to certain facts contained in the presentence report. Specifically, he claims counsel should have objected to the four-level increase in the total offense level for a specific offense characteristic. As noted above this issue was raised by Movant in his *pro-se* brief on direct appeal and the Eighth Circuit affirmed the conviction and sentence. As such this is not properly before the court in this § 2255 proceeding. *See Kraemer*, 810 F.2d at 177, *see also Dall v. United States*, 957 F.2d 571, 572 (8th Cir.1992) ( "Claims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255 ." (quoted source and internal marks omitted))

**4. Recommendation**:

Accordingly, based on the foregoing, it is recommended the instant Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 46) be denied and dismissed.[2]

**The parties have fourteen (14) days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are**

---

[2] "A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record." *Urquhart v. Lockhart*, 726 F.2d 1316 (8th Cir.1984).

**reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

       **DATED** this **4th day of May, 2011.**

                                      /s/ Barry A. Bryant  
                                      HON. BARRY A. BRYANT  
                                      U.S. MAGISTRATE JUDGE