IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA                                                    RESPONDENT

V.                            CASE NO. 4:08-CR-40006
                              CASE NO. 4:10-CV-4165

KEVIN GEROME LEGGITON                                                            MOVANT

## ORDER

By its Order of October 17, 2012, the Court adopted the Report and Recommendation of the Magistrate Judge denying Movant's Motion to Vacate, Set Aside, or Correct a Sentence. (ECF No. 68). Thereafter, Movant filed a Notice of Appeal (ECF No. 72) and a Motion for Certificate of Appealability (COA). (ECF No. 70).

The Court's order adopting the Report and Recommendation was a final order in Movant's § 2255 proceeding, and therefore any appeal from that order is governed by 28 U.S.C. § 2253(c)(1)(B). Section 2253(c)(1) requires Movant to get a circuit or district judge's permission to appeal. A court may not give permission unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). However, the required "substantial showing" differs depending on whether the § 2255 proceeding is dismissed on the merits or dismissed on procedural grounds. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

When a district court dismisses a § 2255 proceeding by rejecting the underlying constitutional claims, the movant must demonstrate that reasonable jurists would find the district court's assessment of the constitutional issue wrong. *Id.* The issue becomes more complicated when the court dismisses the proceeding on procedural grounds. When a district court dismisses

a § 2255 proceeding on procedural grounds without reaching the movant's claims on the merits, a COA should issue only if the movant shows two things: (1) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right"; and (2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*.

In this case, the Court dismissed some of Movant's claims on procedural grounds and some on the merits. Movant appeals three of the Court's dismissal rulings. Of those three rulings, one was procedural and two were on the merits.

The Court dismissed on procedural grounds Movant's argument that his change-of-plea hearing was defective. The Court found that argument procedurally barred because Movant omitted to raise the plea-hearing argument in his direct appeal and failed to show an excusing cause for that omission. The Court finds that no reasonable jurist would find the correctness of that procedural disposition debatable.

The Court dismissed on the merits Movant's claim that his sentence was flawed because the Court misstated by one numeral a definitional statute during sentencing.[1] Movant argued that this misstatement amounted to a constructive amendment of the indictment. The Court considered that argument at length and found it baseless. The Court finds that no reasonable jurist would find the Court's assessment of that constitutional issue wrong.

The Court also dismissed on the merits Movant's claim that his counsel was ineffective because counsel failed to highlight Movant's legal blindness as a defense.[2] Movant's request for a COA advances an entirely different argument: that his counsel was ineffective because counsel

---

[1] Illustrating the ease with which careful thinkers may misstate a code provision, Movant himself states § 2253(b) as the section under which he files his motion for certificate of appealability. Section 2253(b), however, does not apply to Movant's motion, so he likely intended to refer to § 2253(c), which does apply.

[2] Movant did not object to the Report and Recommendation's denial of his other ineffective-assistance arguments.

"failed to set the record straight on which code the defendant was charged and being sentenced under." This argument is raised for the first time in Movant's request for a COA, which might alone call for denial of appealability because there is no district court decision for a reasonable jurist to review. *See United States v. Nichols*, No. 02-0114-01-CR-W-NKL, 2010 WL 583989, at *1 n.1 (W.D. Mo. Feb. 16, 2010). Nevertheless, if faced with the issue the Court would reject Movant's newly raised ineffective-assistance argument because his counsel was not ineffective merely for failing to raise issues this Court has already found baseless. The Court finds that no reasonable jurist would find that assessment debatable.

Upon consideration, for the above reasons, the Court finds that Movant's Application for a Certificate of Appealability (ECF No. 70) should be and hereby is **DENIED**.

IT IS SO ORDERED, this 19th day of November, 2012.

/s/ Harry F. Barnes
Hon. Harry F. Barnes
United States District Judge

3